08-3128-cv
Arruda v. Commissioner of Social Security

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of January, two thousand ten.

PRESENT:
>JOHN M. WALKER, Jr.,
>CHESTER J. STRAUB,
>ROSEMARY S. POOLER,
>>*Circuit Judges*.

_____

Anthony Arruda,

>*Plaintiff-Appellant*,

>v.                                                              08-3128-cv

Commissioner of Social Security,

>*Defendant-Appellee*.

_____

FOR APPELLANT:          Anthony Arruda, *pro se*, Watertown, New York.

FOR APPELLEE:           Andrew T. Baxter, Acting United States Attorney for the Northern District of New York (Tomasina DiGrigoli, Special Assistant United States Attorney, *on the brief,* and Mary Ann Sloan, Acting Regional Chief Counsel - Region II, and Karen G. Fiszer, Assistant Regional Counsel, Social Security Administration Office of the General Counsel, *of counsel*), New York, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, J., Homer, M.J.).  **UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Anthony Arruda, *pro se*, appeals the judgment affirming a final decision of the Commissioner of Social Security denying his applications for disability benefits and Supplemental Security Income.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, the Commissioner argues that Arruda's notice of appeal was untimely filed and that, accordingly, we lack jurisdiction over the appeal.  However, a review of this Court's records indicates that Arruda timely filed a notice of appeal in this Court in December 2006.  While this notice of appeal was not subsequently docketed by the district court, we have determined that there is sufficient evidence of a timely filing for jurisdictional purposes.  See Fed. R. App. P. 4(d).

When deciding an appeal from a denial of disability benefits, we conduct a plenary review of the administrative record.  See Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008); see also Schaal v. Apfel, 134 F.3d 496, 500-01 (2d Cir. 1998).  We may set aside the Commissioner's decision only if it was based on incorrect legal standards or if the factual findings are not supported by substantial evidence.  See Burgess, 537 F.3d at 127-28; Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004).  "Substantial evidence means . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Burgess, 537 F.3d at 127.

The Social Security regulations set forth a five-step sequential evaluation process for adjudicating claims for disability insurance benefits.  See 20 C.F.R. §§ 404.1520, 416.920.  The analysis proceeds as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment,  the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial

gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

See Rivera v. Schweiker, 717 F.2d 719, 722 (2d Cir. 1983). The claimant bears the burden of proving the first four elements, and, with regards to the fifth element, there is a limited burden shift to the Commissioner to show "that there is work in the national economy that the claimant can do." Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009) (per curiam); see also 20 C.F.R. § 404.1560(c)(2).

In the present case, the Administrative Law Judge ("ALJ") applied the correct legal standard in determining that Arruda was not disabled at step five of the sequential evaluation process, and substantial evidence supports this decision. Construing his pro se brief liberally, as we must, see, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), Arruda's only argument on appeal is that the ALJ erred by failing to credit the September 1996 "disability certificate" completed by his treating physician, Dr. Michael P. Owen, opining that Arruda was "totally disabled."[1] See Admin. Record at 221. "[T]he opinion of a treating physician is given controlling weight if it is well-supported by medical findings and not inconsistent with other substantial evidence." Rosa v. Callahan, 168 F.3d 72, 78-79 (2d Cir. 1999); see also 20 C.F.R. § 404.1527(d)(2). Generally, "the opinion of the treating physician is not afforded controlling weight where…the treating physician issued opinions that are not consistent with . . . the opinions of other medical experts, for [g]enuine conflicts in the medical evidence are for the Commissioner to resolve." Burgess, 537 F.3d at 128 (internal citations and quotation marks omitted) (alteration in original); see also Social Security Ruling ("SSR") 96-5p (July 2, 1996) (stating, in relevant part, that a decision as to whether a claimant is "disabled" is an administrative finding reserved to the Commissioner, and a statement by a treating source that a claimant is disabled should not be disregarded, but is not entitled to controlling weight or special significance).

Here, substantial evidence supports the ALJ's decision not to afford controlling weight to Dr. Owen's September 1996 assessment, which was based on only one examination and which conflicted with the opinions of Dr. Dennis M. Sullivan, a consulting examiner, that Arruda had a "moderate or less so impairment" and should be considered for vocational rehabilitation training, see Admin. Record at 223-26, and the opinions of Drs. Donna M. White and Carol A. Wakeley, who determined that Arruda was capable of performing light work after reviewing the medical

---

[1] In correspondence recently received by this Court, which was apparently not served on the Commissioner as it was not accompanied by a certificate of service, Arruda asserts, without citing to the administrative record, that Dr. Owens signed a second disability certificate in February 1997; however, a review of the record reveals no such document.

reports of both Dr. Owen, a neurologist, and Dr. Bhavesh Rajani, Arruda's medical doctor, as well as diagnostic test results, id. at 84-90.  This conflict in medical opinions was one for the Commissioner to resolve, and substantial evidence supports the decision not to accord controlling weight to Dr. Owen's September 1996 assessment.  See Burgess, 537 F.3d at 128; see also SSR 96-5p.

The judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk