**08-0659-cv**
**Poupore v. Comm'r of Social Security**

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2008

(Argued: February 5, 2009          Decided by Summary Order: February 19, 2009
                                         Opinion Published: April 16, 2009
                                         Amended Opinion: May 21, 2009)

Docket No. 08-0659-cv

_____

PAUL POUPORE,

*Plaintiff-Appellant*,

–v.–

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

*Defendant-Appellee*.

_____

Before:

WESLEY and LIVINGSTON, *Circuit Judges*, and RESTANI, *Judge*[*].

Appeal from an order and judgment of the United States District Court for the Northern District of New York (Peebles, M.J.) entered on January 25, 2008 affirming the Commissioner's denial of Poupore's claim for disability insurance benefits under the Social Security Act.

AFFIRMED.

_____

[*] The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

1

MARK SCHNEIDER, Plattsburgh, NY, *for Plaintiff-Appellant*.

ARTHUR SWERDLOFF, Special Assistant United States Attorney (Barbara L. Spivak, Chief Counsel - Region II, Office of the General Counsel, Social Security Administration, *of counsel*), *for* Glenn T. Suddaby, United States Attorney for the Northern District of New York, New York, NY, *for Defendant-Appellee*.

PER CURIAM:

Plaintiff-Appellant Paul Poupore appeals from a judgment entered on January 25, 2008, in the United States District Court for the Northern District of New York (Peebles, M.J.), affirming the decision of the Commissioner of Social Security ("Commissioner") denying Poupore's claim for disability insurance benefits under the Social Security Act.

When a district court has reviewed a determination of the Commissioner, "[w]e review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002). Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

Poupore argues, relying on the standard set forth in *Curry v. Apfel*, 209 F.3d 117, 122-23 (2d Cir. 2000), that the Commissioner failed to meet his burden of proving that Poupore retained the residual functional capacity to perform light work, and that such work was available in the national economy, because the Administrative Law Judge ("ALJ") erred in (1) concluding that Poupore had the residual functional capacity to perform light and sedentary work; (2) failing to

give adequate weight to the testimony of his treating physician; and (3) finding Poupore's claims of subjective pain to be less than fully credible.

First, even if we assume *arguendo* that the *Curry v. Apfel* standard governs our review, we find that substantial evidence supports the ALJ's determination that Poupore is not entitled to disability benefits because he retained the ability to perform light work. The full range of light work requires intermittently standing or walking for a total of approximately 6 hours of an 8-hour workday, with sitting occurring intermittently during the remaining time. A person who is deemed able to perform light work is also capable of doing sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404.1567(b).

The ALJ's finding that Poupore is capable of performing light work is supported by the reports of Dr. Black, Poupore's treating orthopedic specialist, who performed his ankle surgery and treated him from January 2003 through July 2004. Dr. Black consistently stated in his reports that Poupore was not disabled from all work, but rather would be an excellent candidate for vocational rehabilitation, and capable of performing lighter work. Indeed, Dr. Black expressly stated that Poupore would be able to perform a sedentary, light-duty job, which would involve sitting most of the time, but would allow Poupore to get up and move around from time to time if necessary. As this Court has previously stated, the requirement that Poupore get up and move around from time to time does not preclude his ability to perform sedentary work. *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004). Thus, we find the ALJ's finding as to Poupore's residual functional capacity is supported by substantial evidence on the record.

We agree in any event with the Commissioner that new regulations abrogate the *Curry v. Apfel* standard of review and clarify that there is only a limited burden shift to the Commissioner at step five. Under the applicable new regulation, the Commissioner need only show that there is work in the national economy that the claimant can do; he need not provide additional evidence of the claimant's residual functional capacity. 20 C.F.R. § 404.1560(c)(2). These regulations abrogate *Curry v. Apfel* at least in cases where the onset of disability was after the regulations were promulgated on August 26, 2003. *See Clarification of Rules Involving Residual Functional Capacity Assessments; Clarification of Use of Vocational Experts and Other Sources at Step 4 of the Sequential Evaluation Process; Incorporation of "Special Profile" Into Regulations*, 68 Fed. Reg. 51,153 (Aug. 26, 2003).

Poupore's reply brief might be read to argue that the ALJ made an error of law by applying the new regulations to the present case, since Poupore's disability arose and his application for benefits was filed before the new regulations were promulgated. There is some authority that suggests this contention is without merit, notwithstanding *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204 (1988), because the regulations do not have the kind of retroactive effect that *Bowen* restricts. *See Combs v. Comm'r of Social Security*, 459 F.3d 640, 646 (6th Cir. 2006) (en banc) (plurality opinion) ("[C]laimants have no settled expectation that the agency will use one as opposed to another algorithm for determining whether the statutory requirements are met."); *Pine Tree Med. Assocs. v. Sec'y of Health & Human Servs.*, 127 F.3d 118, 121 (1st Cir. 1997) ("[T]he mere filing of an application is not the kind of completed transaction in which a party could fairly expect stability of the relevant laws as of the transaction date.").

4

Nevertheless, we decline to reach the issue. Although we generally will remand "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles," *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) (quoting *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)), Poupore failed to argue to the district court or in his opening brief on appeal that there was a question as to whether the ALJ applied the correct legal principles, and we therefore exercise our discretion to treat this claim of error as waived. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief."); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Although claimants in Social Security cases are not subject to some issue exhaustion requirements, *see Sims v. Apfel*, 530 U.S. 103 (2000), at least where the claimant is represented by counsel before the district court, the claimant must present the relevant legal arguments in that forum in order to preserve them for appellate review. We note for the benefit of the parties that on the record before us the result likely would be the same, even if we were to reach the merits of Poupore's argument. *See Schaal*, 134 F.3d at 504 ("Where application of the correct legal standard could lead to only one conclusion, we need not remand.").

With respect to Poupore's next argument, substantial evidence supports the ALJ's finding that the testimony of one of Poupore's treating physicians, Dr. Amir, was not entitled to significant weight. A medical opinion may be given significant weight only if it is "well-

supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). Dr. Amir's September 2004 assessment that Poupore was limited to less than sedentary work was unsupported by any medical evidence. Dr. Amir did not support his conclusion with any clinical findings made in the course of his treatment, but rather relied upon the "evaluation by Dr. Black, orthopedics," as support for his assessment. However, as discussed above, Dr. Black's treatment notes do not support a conclusion that Poupore is entirely unable to perform even light, sedentary work. Thus, the ALJ did not err in according Dr. Amir's assessment with lesser weight.

Finally, substantial evidence supports the ALJ's finding that Poupore's subjective complaints of pain were insufficient to establish disability. His subjective complaints were unsupported by objective medical evidence tending to support a conclusion that he has a medically determinable impairment that could reasonably be expected to produce the symptoms alleged. *See* 20 C.F.R. § 404.1529(b), (c). The ALJ properly noted that Poupore recovered well from his left ankle injury, that Dr. Amir reported that Poupore had no muscle spasm or motor/sensory loss and no contractures, ankylosis or subluxation, and that Dr. Black believed he could return to lighter work. Further, the ALJ correctly noted that Poupore was able to care for his one-year-old child, including changing diapers, that he sometimes vacuumed and washed dishes, that he occasionally drove, and that he watched television, read, and used the computer. Given all the evidence before him, the ALJ properly found that Poupore's testimony about his limitations was not fully credible.

6

We have reviewed Poupore's remaining claims and find them to be similarly without merit.

_____

**Conclusion**

The district court's order entered on January 25, 2008 affirming the Commissioner's denial of Poupore's claim for disability insurance benefits under the Social Security Act is hereby AFFIRMED. In light of the issuance of this amended opinion to replace the April 16, 2009 opinion publishing the February 19, 2009 summary order of this Court, Appellant's petition for rehearing or rehearing *en banc* and motion for leave to file a supplemental memorandum in support of his petition for rehearing or rehearing *en banc* are moot.