09-2006-cv
Gonzalez v. Commissioner of Social Security

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of January, two thousand ten.

Present:
　　　　ROBERT D. SACK,
　　　　ROBERT A. KATZMANN,
　　　　　　　*Circuit Judges*,
　　　　DENNY CHIN,[*]
　　　　　　　*District Judge*.

_____

JOSE GONZALEZ, Deceased, by IRENE GUZMAN, Administratrix,

　　　*Plaintiff-Appellant*,

　　　　　　　v.　　　　　　　　　　　　No.　09-2006-cv
SECRETARY OF THE UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES AND COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

　　　*Defendants-Appellees*.

_____

_____

[*] The Honorable Denny Chin of the United States District Court for the Southern District of New York, sitting by designation.

For Appellant:                          WILLIAM S. NEAL, Woodhaven, N.Y.

For Appellees:                          KATHLEEN A. MAHONEY, Assistant United States
                                        Attorney for the Eastern District of New York (Varuni
                                        Nelson, Assistant United States Attorney, *of counsel*),
                                        *for* Benton J. Campbell, United States Attorney for the
                                        Eastern District of New York, Brooklyn, N.Y.


Appeal from the United States District Court for the Eastern District of New York (Sifton, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the order of the district court be and hereby is **AFFIRMED**.

By order dated March 25, 2009, the district court granted defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and 42 U.S.C. § 405(g), and denied plaintiff's claim for retroactive Social Security disability benefits. On appeal, plaintiff Irene Guzman argues that the district court erred in granting defendants' motion because Jose Gonzalez should have been deemed disabled for the period in question and the district court failed to address Gonzalez's application for Supplemental Security Income. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

This Court's review of a district court's determination to uphold a decision of the Commissioner of the Social Security Administration ("Commissioner") is not squarely focused on the district court's opinion; nor is it a *de novo* review of the underlying determination of the claimant's disability status. *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (per curiam). Rather, it entails a review of the administrative record to assess whether there is substantial evidence to support the Commissioner's decision. *Id.* Thus, the Court "may only set aside a determination which is based upon legal error or not supported by substantial evidence." *Arnone*

2

*v. Bowen*, 882 F.2d 34, 37 (2d Cir. 1989) (internal quotation marks omitted). "Substantial evidence," in turn, is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). Thus, as a general matter, the reviewing court is limited to a fairly deferential standard. *See Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998); *Perez v. Chater*, 77 F.3d. 41, 46 (2d Cir. 1996).

In order to receive retroactive disability benefits, plaintiff must show that Gonzalez was disabled prior to March 31, 1996, when his insured status expired. *See* 42 U.S.C. §§ 423(a)(1)(A), (c); *see also Arnone*, 882 F.2d at 37 (eligibility for benefits is dependent on showing that the claimant was insured and disabled during the insured period). Thus to qualify for benefits, Gonzalez was required to furnish evidence, *see* 42 U.S.C.§ 423(d)(5)(A), demonstrating that he was unable to work prior to March 31, 1996 due to a physical or mental impairment that is medically determinable and had lasted or had been expected to last for a continuous period of at least 12 months. *Id.* § 423(d)(1)(A). Moreover, such impairment must have been severe enough that Gonzalez would not have been able to continue previous work, or, in light of his background (i.e., age, education, skill set), could not have found other gainful work prior to March 31, 1996. *Id.* § 423(d)(2)(A). However, if substance abuse was a material contributing factor to the disability, the claimant would not be considered disabled for purposes of the provision. *Id.* § 423(d)(2)(C).

There is a well-worn, five-step analysis used to determine if a person is disabled. *See* 20 C.F.R. § 404.1520. In this Circuit, the test is described as follows:

First, the [Commissioner] considers whether the claimant is currently engaged in

3

substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience . . . . Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity[1] to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

*Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quoting *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam)). Through the fourth step, the claimant carries the burdens of production and persuasion, but if the analysis proceeds to the fifth step, there is a limited shift in the burden of proof and the Commissioner is obligated to demonstrate that jobs exist in the national or local economies that the claimant can perform given his residual functional capacity. *See* 68 Fed. Reg. 51155 (Aug. 26, 2003); *see also Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) (per curiam).

Though plaintiff appears to argue that Gonzalez was *per se* disabled within the meaning of the applicable Social Security provisions due to his difficulties with asthma, depression, and musculoskeletal pain in his back and knee, we cannot conclude that the Commissioner lacked substantial evidence to find that Gonzalez was not disabled, or that the conclusion rested on an error of law.

As an initial matter, the record contains no relevant medical evidence prior to November 10, 1994. The earliest incidence of medical treatment in the record is for a hospitalization from

---

[1] "Residual functional capacity" is what a person is still capable of doing despite limitations resulting from physical and mental impairments. 20 C.F.R. § 416.945(a).

4

November 11, 1994 to November 14, 1994 for an asthma attack. It appears, however, that the attack was triggered by cocaine use, and thus this incident cannot support a finding of disability for the purposes of the Social Security Act. *See* 42 U.S.C. § 423(d)(2)(C). In the absence of any medically objective evidence, there is no question that Gonzalez could not be found disabled before November 11, 1994.

For the period from November 11, 1994 through the expiration of Gonzalez's insured status on March 31, 1996, we agree with the district court that the Commissioner properly determined that Gonzalez was not disabled. Though the record contains instances of complaints relating to asthma, depression, and back pain, at no point is there any documented medical determination that meets all of the required criteria of any given impairment under the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("An impairment that manifests only some of those criteria, no matter how severely, does not qualify.").

More specifically, Section 3.03 of the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, app. 1 § 3.03, specifies the conditions that Gonzalez must meet in order to be determined disabled on account of his asthmatic condition.[2] The only pulmonary function test on record for Gonzalez does not, however, appear to satisfy the criteria of Subsection 3.02A as required under Subsection 3.03A. More specifically, a person with Gonzalez's physical characteristics would have to demonstrate that a 1-second forced expiratory volume (FEV1) was equal to or less than 1.35 – Gonzalez's FEV1 was 1.42 after bronchodilators. Plaintiff also offers no responsive evidence as to the nature and frequency of the attacks as required under Subsection 3.03B

---

[2] Due to the extensive medical argot involved in these regulations, we will refrain from reproducing them here and refer the reader directly to the provisions as referenced.

Accordingly, we must conclude that plaintiff has not sufficiently met the requirements under Section 3.03 to show that Gonzalez was *per se* disabled due to his asthmatic condition.

Plaintiff's claim that Gonzalez suffered a medically cognizable, *per se* impairment due to his depression fares no better. Section 12.04 of the Listing of Impairments, *id.* § 12.04, specifies various conditions Gonzalez must meet to be determined disabled due to his depressive condition. One such subsection, Subsection A, requires at least four of a set of nine separate medically determinable ailments to be documented and "persist[ent], either continuous[ly] or intermittent[ly]." *Id.* The record reflects that Gonzalez suffered from, at most, two of these symptoms, namely insomnia and suicidal thoughts, which clearly falls well short of satisfying the provision. Moreover, the record does not adequately demonstrate that either symptom persisted, continuously or intermittently.

In the alternative, plaintiff can seek to demonstrate that Gonzalez had a disabling depressive condition pursuant to Subsection C under Section 12.04, which requires plaintiff to demonstrate, *inter alia*, a medically documented history of chronic affective disorder that lasted at least 2 years and that caused more than a *de minimis* adverse impact on Gonzalez's ability to work. The record does not, however, contain any evidence of a medically documented history of depression of at least 2 years' duration. Plaintiff cannot, therefore, demonstrate that Gonzalez suffered a *per se* disabling depressive condition under any part of the applicable provisions.

Finally, with respect to Gonzalez's musculoskeletal complaints, we cannot find that he was *per se* disabled due either to back or knee pain. Section 1.04 of the List of Impairments, *id.* § 1.04, requires a highly specific, medically determinable finding of a spinal disorder, "(e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc

6

disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord." *Id.* Extensive examination of this medically complex provision is not necessary in this case because there are no medical opinions or findings in the record that speak meaningfully to the provision's requirements. Though Gonzalez logged intermittent complaints of back pain, there were no relevant diagnoses that would have supported a finding of *per se* impairment due to a spinal disorder pursuant to Section 1.04.

Nor is there any medically relevant support to find that Gonzalez was *per se* disabled due to knee pain. Section 1.02 of the List of Impairments, 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.02, requires, *inter alia*, a "gross anatomical deformity . . . and chronic joint pain and stiffness with signs of limitation of motion . . . and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s)." *Id.* Though Gonzalez complained of knee pain on March 27, 1996, the resulting medical evaluation did not reveal any "gross anatomical deformities," nor any other medically relevant condition that might have otherwise satisfied the requirements under Subsection 1.02.

Thus, the medical record before us offers no basis upon which to substantiate any *per se* disabling condition under the List of Impairments. Indeed, in adopting a holistic perspective on the evidence and summarizing the record, the ALJ noted that Gonzalez's ailments, "singly or in combination" were not "'severe' enough to meet . . . any of the impairments" listed under the List of Impairments.[3] The ALJ, therefore, properly proceeded to assess Gonzalez's residual

---

[3] This holistic analysis belies plaintiff's argument that the ALJ had failed to consider all of the claimed impairments together pursuant to 20 C.F.R. § 404.1523.

functional capacity, ultimately concluding that Gonzalez was able to handle sedentary work.[4]

The last step in the disability analysis – and where the burden partially shifts – requires the Commissioner to demonstrate that there were jobs available to Gonzalez, which he could have handled in light of his residual capacity. Though it was determined that Gonzalez could no longer work in his previous occupations as a fabric cutter or mechanic, the ALJ concluded that "[b]ased on a residual functional capacity for a full range of sedentary work, Rules 201.18 and 201.21 [of the Medical-Vocational Guidelines], used as a framework for decisionmaking, would direct a finding of 'not disabled.'"[5] Where, as here, the ALJ's findings align with Rule 201.18, she can rely on the rule to direct a finding that the claimant is not disabled. *See Heckler v. Campbell*, 461 U.S. 458, 461, 462 (1983); *Ferraris v. Heckler*, 728 F.2d 582, 585 (2d Cir. 1984). Based on the availability of sedentary jobs appropriate to Gonzalez's residual capacity, we find that there is sufficient evidence to support the ALJ's conclusion that Gonzalez was not disabled before March 31, 1996. Accordingly, we have no occasion to set aside the district court's order affirming the Commissioner's conclusion.

Finally, we also note that Gonzalez's 1998 application for Supplemental Security Income ("SSI") was not properly before the district court (which the court duly noted) because Gonzalez's death on February 10, 1999 extinguished the claim before the Commissioner could

---

[4] At various points, plaintiff complains that the ALJ failed to adequately develop Gonzalez's medical record in support of his disability claim. However, it is, in the first instance, the claimant's burden to provide adequate medical evidence. Moreover, plaintiff here has failed to identify what records are missing and how they would affect Gonzalez's case. Accordingly, we do not find any infirmity in the ALJ's development of the record.

[5] Rule 201.18 of the Medical-Vocational Guidelines directs a finding of "not disabled" for 45-49 year old individuals with limited education and low skills or no work experience who can do sedentary work.

issue a reviewable final determination.  *See* 42 U.S.C. § 1383(c)(3); *see also Weinberger v. Salfi*, 422 U.S. 749, 757-58 (1975) (stating that 42 U.S.C. § 405(h) includes an exhaustion provision, which "prevent[s] review of decisions of the [Commissioner] save as provided in the [Social Security] Act, which provision is made in § 405(g)").  In order for Gonzalez to have obtained a reviewable decision, he would have been required to procure an initial determination, a reconsideration of that determination, a hearing decision by an ALJ, and an Appeals Council review.  *See* 20 C.F.R. pt. 416, subpt. N.  But here, Gonzalez's 1998 SSI claim did not even receive an initial determination, and was therefore not the subject of a review by an ALJ or the Appeals Council.  Therefore, there is no final decision of the Commissioner subject to review under 42 U.S.C. §§ 405(g) and 1383(c)(3).[6]

We have considered plaintiff's remaining arguments and find them to be without merit.

For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____

---

[6] Even if any benefit underpayment could be established, only a surviving spouse can, under certain circumstances, qualify to receive the benefit.  *See* 42 U.S.C. § 1383(b)(1)(A); 20 C.F.R. § 416.542(b).  Gonzalez, however, never married.