09-4088-cv
Stanton v. Astrue

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of March, two thousand ten.

PRESENT:  REENA RAGGI,
    PETER W. HALL,
       *Circuit Judges*,
    GREGORY W. CARMAN,
       *Judge*.[*]

----------------------------------------------------------------------------------

HOLLY STANTON,

       *Plaintiff-Appellant*,

    v.            No. 09-4088-cv

MICHAEL J. ASTRUE, Commissioner of Social Security,

       *Defendant-Appellee*.

----------------------------------------------------------------------------------

APPEARING FOR APPELLANT:  HOWARD D. OLINSKY, Olinsky & Shurtliff, Syracuse, New York.

APPEARING FOR APPELLEE:  MICHELLE L. CHRIST, Special Assistant United States Attorney (Stephen P. Conte, Acting

---

[*] Judge Gregory W. Carman of the United States Court of International Trade, sitting by designation.

Regional Chief Counsel, Region II, Office of the General Counsel, Social Security Administration, *of counsel*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, New York, New York.

Appeal from the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*; Victor E. Bianchini, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 7, 2009, is AFFIRMED.

Holly Stanton appeals from the district court's affirmance of the Social Security Commissioner's denial of disability insurance benefits. "We review the administrative record de novo to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." Poupore v. Astrue, 566 F.3d 303, 305 (2d Cir. 2009) (internal quotation marks and alteration omitted); see also 42 U.S.C. § 405(g) (making Commissioner's factual findings conclusive if supported by substantial evidence). "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Lamay v. Comm'r of Soc. Sec., 562 F.3d 503, 507 (2d Cir. 2009) (internal quotation marks omitted). In undertaking this review, we assume the parties' familiarity with the facts and procedural history, which we reference only as necessary to explain our decision.

1.      The Step Two Assessment

Stanton submits that the administrative law judge ("ALJ") erred at the second of the five steps of analysis used to determine disability, see 20 C.F.R. § 404.1520(a)(4), by failing to recognize that she suffered from disc herniation constituting a severe impairment. Stanton waived this argument by not raising it in the district court. See Poupore v. Astrue, 566 F.3d at 306. Although Stanton contends that she preserved the argument by "alleg[ing] disability based upon herniated cervical discs," Appellant's Reply Br. at 2, the record is to the contrary. The references to disc herniation in Stanton's opening brief to the district court are embedded in highly technical, factual discussion. No such reference appears as part of her argument to the court. Thus, although Magistrate Judge Bianchini twice referenced disc herniation in his report to the district court, he did not identify ALJ error at step two because Stanton had not raised such a claim. Moreover, Stanton did not complain of any omission in her various objections to the district court. Accordingly, we deem the argument waived.[1]

2.      Stanton's Residual Functional Capacity

Stanton contends that the ALJ erred in determining that she had the residual functional capacity ("RFC") to work as a circuit board assembler. Because the onset date of Stanton's

---

[1] Even if we were to reach the merits of Stanton's argument, we would not identify error warranting remand because the ALJ did identify severe impairments at step two, so that Stanton's claim proceeded through the sequential evaluation process. Further, contrary to Stanton's argument, the ALJ's decision makes clear that he considered the "combination of impairments" and the combined effect of "all symptoms" in making his determination. ALJ Op. at 5; see also 42 U.S.C. § 423(d)(2)(B) (requiring consideration of "combined effect of all of the individual's impairments"); accord 20 C.F.R. § 404.1523.

3

claimed impairment is October 5, 2004, she bore the burden of proving otherwise. See Clarification of Rules Involving Residual Functional Capacity Assessments, 68 Fed. Reg. 51,153, 51,154-55 (Aug. 26, 2003); see also Poupore v. Astrue, 566 F.3d at 306 (observing that even at step five, "the Commissioner need only show that there is work in the national economy that the claimant can do; he need not provide additional evidence of the claimant's residual functional capacity").

Stanton nevertheless faults the ALJ for failing to cite medical evidence to support his RFC determination and to provide the requisite narrative discussion of RFC. See Assessing Residual Functional Capacity in Initial Claims, SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). She further complains that the ALJ failed to follow the treating physician rule. See 20 C.F.R. § 404.1527(d)(2). We are not persuaded.

The record shows that the ALJ considered the medical opinions of treating physician Dr. Norman Lasda and consulting physician Dr. Kalyani Ganesh. Because Dr. Lasda's opinion was unsupported by objective clinical evidence and contradicted by his own records, the examination report of Dr. Ganesh, the report of a state agency disability analyst, and Stanton's own account of her range of activities, the ALJ did not err in declining to accord it controlling weight. See Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004) (observing that treating physician's opinion "is not afforded controlling weight" where it is "not consistent with other substantial evidence in the record, such as the opinions of other medical experts"); cf. 20 C.F.R. § 404.1527(d)(2) (according controlling weight to treating

4

physician's opinion if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with other substantial evidence in . . . case record"). Indeed, the noted contradictory evidence provides the requisite substantial support for the Commissioner's RFC determination.

### 3. The Adverse Credibility Assessment

Stanton faults the ALJ's adverse credibility finding as to her claim of disabling pain. "It is the function of the [Commissioner], not the [reviewing courts], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." Aponte v. Sec'y, Dep't of Health & Human Servs., 728 F.2d 588, 591 (2d Cir. 1984) (second alteration in original) (internal quotation marks omitted). We have no reason to second-guess the credibility finding in this case where the ALJ identified specific record-based reasons for his ruling. See Assessing the Credibility of an Individual's Statements, SSR 96-7p, 61 Fed. Reg. 34,483, 34,486 (July 2, 1996). For example, the ALJ noted the discrepancy between Stanton's asserted inability to move her neck and her testimony that she was able to drive and perform household chores. No different conclusion is warranted by the ALJ's failure to reference specifically Stanton's good work history, because substantial evidence aside from work history supports the adverse credibility ruling. See Schaal v. Apfel, 134 F.3d 496, 502 (2d Cir. 1998).

4.      Stanton's 2006 Work Activity

Stanton asserts, without citation to any precedent, that her 2006 work assembling circuit boards from home should have been viewed as a "trial work period" not bearing on her disability claim.  In fact, the relevant statutes and regulations do not support this argument.  They provide that when a person "becomes entitled to disability insurance benefits," 42 U.S.C. § 422(c)(3) (emphasis added), she may "test [her] ability to work and still be considered disabled," 20 C.F.R. § 404.1592(a).  During the trial period, "any services rendered by an individual . . . shall be deemed not to have been rendered by such individual in determining whether [her] disability has ceased in a month during such period." 42 U.S.C. § 422(c)(2) (emphasis added); see also 20 C.F.R. § 404.1592(a).  Here, the ALJ did not use evidence of Stanton's 2006 work activity for the prohibited purpose of determining if a disability had ceased.  Rather, the ALJ used the evidence to evaluate the consistency and credibility of Stanton's claim of the commencement of a disability.  Whatever arguments might be advanced for encouraging trial work periods by persons uncertain as to their disability status, until Congress provides otherwise, we identify no error in an ALJ considering evidence of work activity in deciding an initial disability claim.  As we observed in Gold v. Secretary of Health, Education & Welfare, an ALJ considering a disability claim has a duty "to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts."  463 F.2d 38, 43 (2d Cir. 1972) (internal quotation marks omitted)

5.      Past Relevant Work

Stanton submits that the ALJ erred in determining that she had the RFC to perform her past relevant work as a circuit board assembler without consulting a vocational expert. Because substantial evidence supports the ALJ's RFC determination – notably, Stanton's actual performance of circuit board assembly work during the period of alleged disability – we conclude that the opinion of a vocational expert was not required. Cf. 20 C.F.R. § 404.1560(b)(2) (observing that ALJs "may use the services of vocational experts" to obtain evidence necessary to help determine whether claimant can do past relevant work (emphasis added)). Accordingly, we identify no merit in this challenge. See id. § 404.1560(b)(3) (stating that person found to "have the residual functional capacity to do [her] past relevant work" will be found "not disabled").

We have considered Stanton's remaining arguments on appeal and conclude that they lack merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7