14-4263-cv
Rock v. Colvin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand fifteen.

PRESENT: JOHN M. WALKER, JR.,
REENA RAGGI,
  *Circuit Judges*,
KIYO A. MATSUMOTO,
  *District Judge*.*

------------------------------------------------------------------------
MICHAEL ROCK,
  *Plaintiff-Appellant*,


  v.                                              No. 14-4263-cv

CAROLYN W. COLVIN, Acting Commissioner of Social Security,
  *Defendant-Appellee*.
------------------------------------------------------------------------


APPEARING FOR APPELLANT:        MARK    SCHNEIDER,    Esq.,    Plattsburgh,
                                New York.


---

* The Honorable Kiyo A. Matsumoto, of the United States District Court for the Eastern District of New York, sitting by designation.

APPEARING FOR APPELLEE:     JOSHUA L. KERSHNER, Special Assistant United States Attorney (Stephen P. Conte, Regional Chief Counsel, Office of the General Counsel, Social Security Administration, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (David E. Peebles, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 11, 2014, is AFFIRMED.

Plaintiff Michael Rock appeals from the district court's affirmance of a decision of the Commissioner of Social Security ("Commissioner") denying Rock's application for Social Security disability benefits.  In such a case, we review the administrative record de novo, and we will uphold the Commissioner's decision if it is supported by substantial evidence and the correct legal standards were applied.  See Zabala v. Astrue, 595 F.3d 402, 408 (2d Cir. 2010); see also Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012) ("Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (internal quotation marks omitted)).  In applying these standards here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

2

1.  Disability Determinations

Rock contends that the Administrative Law Judge ("ALJ") erred in failing to find him disabled by reason of both anxiety disorder and somatoform disorder. See 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.06, 12.07. For both disorders, a finding of disability is required if both the medical findings criteria in a Paragraph A and the impairment-related functional limitations criteria in a Paragraph B are met, or if both the medical findings criteria in a Paragraph A are met and certain functional criteria in a Paragraph C are met. See id. § 12.00(A). On appeal, Rock does not contest the ALJ's finding that the Paragraph C criteria were not met for either disorder. He faults only the determination that he failed to demonstrate both the Paragraph A and Paragraph B criteria for either anxiety or somatoform disorder.

Rock argues that the ALJ misunderstood one treating physician to have ruled out somatoform disorder when the physician in fact indicated that a potential diagnosis of somatoform disorder needed to be ruled out. The district court agreed but concluded that any such error would have no bearing on the ALJ's ultimate determination that Rock was not disabled because no somatoform disorder had ever been diagnosed and because Rock's functional limitations did not meet the Paragraph B criteria. We agree. Moreover, because substantial evidence supports the ALJ's conclusion that Rock failed to satisfy the

3

paragraph B criteria for either disorder,[1] we need not determine whether the ALJ erred in finding an absence of medically documented evidence of somatoform disorder. For the reasons described below, Rock's arguments that the Paragraph B criteria were met are without merit.

2.    Credibility Determination

Rock claims that the ALJ erred in finding plaintiff not fully credible as to his functional limitations. Our precedent makes clear that

> when determining a claimant's [residual functional capacity], the ALJ is required to take the claimant's reports of pain and other limitations into account, but is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record.

Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010). The ALJ determined that Rock's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but went on to find Rock's testimony of his symptoms less than credible due to serious inconsistencies between Rock's allegations at the hearing and his previous statements regarding his symptoms and daily activities, as well as inconsistencies between his reported symptoms and the objective medical evidence. Rock argues that these

---

[1] The Paragraph B criteria are identical for anxiety disorder and somatoform disorder, and require a claimant to show at least two of the following four functional limitations: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; and (4) repeated episodes of decompensation, each of extended duration. See 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.06(B), 12.07(B).

4

inconsistencies are consistent with an undiagnosed somatoform disorder in which genuinely perceived pain is not attributable to any physical impairment, and accordingly that the inconsistencies do not adversely reflect upon his credibility. Even assuming that Rock did suffer from a somatoform disorder, such disorder would explain neither inconsistencies in his reported <u>perceived</u> symptoms nor his repeated failure to seek or attend treatment for these symptoms (which, if the somatoform disorder was unknown to him, he would have assumed were caused by physical impairments). Further, unlike in <u>Genier v. Astrue</u>, Rock has failed to identify any misunderstanding by the ALJ of Rock's statements or the relevant medical evidence. <u>See</u> 606 F.3d at 50. The ALJ's findings in this regard complied with his obligations to consider all of the relevant medical and other evidence, <u>see</u> 20 C.F.R. §§ 404.1529, 404.1545(a)(3), and provide substantial evidence for his adverse credibility finding regarding functional limitations.

3.    <u>Weighing Evidence of Medical Consultants</u>

Rock asserts that the ALJ improperly gave more weight to the medical report of Dr. Hartman than to that of Dr. Liotta.[2] Yet the ALJ noted that that Dr. Liotta's psychological evaluation was "generally consistent with the opinions of Dr. Marks and Dr. Hartman,"

---

[2] In his reply brief, Rock argues that the ALJ improperly relied upon the findings of a third consultative examiner, M. Marks. "Since this contention was never raised before the trial court and never raised to this Court until Plaintiff[]-Appellant[] filed [his] reply brief, it is forfeited." <u>Presidential Gardens Assocs. v. United States ex rel. Sec'y of Hous. & Urban Dev.</u>, 175 F.3d 132, 141 (2d Cir. 1999); <u>accord</u> <u>ABN Amro Verzekeringen BV v. Geologistics Ams., Inc.</u>, 485 F.3d 85, 100 n.16 (2d Cir. 2007). We, therefore, do not consider it on this appeal.

5

and discounted Dr. Liotta's report only to the extent that it assigned Rock a global assessment of functioning ("GAF") score of 42.  Special App. 12.  In finding this score inconsistent with other record evidence, the ALJ explained that the assessment was based almost entirely upon subjective complaints during a single examination and was inconsistent with Rock's work history and other medical assessments.  Because these findings comport with the record, substantial evidence supports the ALJ's determination that the GAF score was not entitled to significant weight.  See Poupore v. Astrue, 566 F.3d 303, 307 (2d Cir. 2009) (citing 20 C.F.R. § 404.1527(d)(2)).[3]

5.    Conclusion

We have considered Rock's remaining arguments and conclude that they are without merit.  The judgment of the district court is AFFIRMED.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[3] Because the GAF score was properly discounted, we need not consider whether a GAF generally provides a reliable basis for disability determinations—a proposition questioned by several courts, both before and after the removal of the GAF metric from the fifth edition of the Diagnostic and Statistical Manual of Mental Disorders.  See, e.g., Berry v. Comm'r of Soc. Sec., No. 14 Civ. 3977(KPF), 2015 WL 4557374, at *3 n.10 (S.D.N.Y. July 29, 2015); Schneider v. Colvin, No. 3:13-cv-790 (MPS), 2014 WL 4269083, at *4 & n.5 (D. Conn. Aug. 29, 2014) (collecting cases); Mainella v. Colvin, No. 13–CV–2453–JG, 2014 WL 183957, at *5 (E.D.N.Y. Jan. 14, 2014).