17-643-cv
Rusin v. Berryhill

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand eighteen.

PRESENT: BARRINGTON D. PARKER,
PETER W. HALL,
RAYMOND J. LOHIER, JR.,

*Circuit Judges.*

-----------------------------------------------------------------------
DAVID RUSIN,

*Plaintiff-Appellant*,

v.                                                                    No. 17-643-cv

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

*Defendant-Appellee*.

-----------------------------------------------------------------------

For Appellant:          MICHAEL CONFUSIONE, Hegge & Confusione, LLC, Mullica Hill, New Jersey.

For Appellee:           LAUREN E. MYERS, Special Assistant United States Attorney (Stephen P. Conte, Regional Chief Counsel—Region II, Office of the General Counsel of the Social Security Administration, *on the brief*), *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on January 10, 2017, is **AFFIRMED**.

David Rusin ("Rusin") appeals from the district court's affirmance of the Social Security Commissioner's (the "Commissioner") denial of disability insurance benefits. We review the administrative record *de novo* to determine whether the Commissioner applied the proper legal standards and whether the Commissioner's decision is supported by substantial evidence. *See Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010); *see also* 42 U.S.C. § 405(g). "Substantial evidence is 'more than a mere scintilla' and 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). In undertaking this review, we assume the parties' familiarity with the facts and procedural history, which we reference only as necessary to explain our decision to affirm the district court's decision.

## I.     Treating Physician Opinion

Rusin submits that the administrative law judge ("ALJ") violated the treating physician rule by assigning minimal weight to the opinion of Rusin's treating psychiatrist, Dr. Thomas Letourneau. Generally, "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the

other substantial evidence in [the] case record.'" *Burgess v. Astrue*, 537 F.3d 117, 128 (2d. Cir. 2008) (quoting 20 C.F.R. § 404.1527(d)(2)). The ALJ did not err in declining to afford Dr. Letourneau's opinion controlling weight because his opinion is inconsistent with his treatment notes and diagnostic observations, the other medical opinion evidence, and Rusin's reported activities of daily living. *See* 20 C.F.R. § 404.1527(d)(2); *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (finding that a treating physician's opinion is not afforded controlling weight if the opinion is inconsistent with the opinions of other medical experts). Indeed, Dr. Letourneau's opinion is supported by the record only to the extent Dr. Letourneau concluded that Rusin does not have the capacity to return to work as a corporate executive.

## II.     The ALJ's Duty to Recontact Dr. Letourneau

Rusin contends that the ALJ had a duty to recontact Dr. Letourneau to resolve any inconsistencies between Dr. Letourneau's treatment notes and his disability opinion. Rusin did not make this argument before the district court and has, therefore, waived his ability to pursue this argument on appeal. *See Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009); *see also Stanton v. Astrue*, 370 F. App'x 231, 233 (2d Cir. 2010) (finding that the claimant waived her right to challenge the ALJ's Step Two findings by not raising the argument before the district court). To the extent this argument is reviewable, the ALJ was under no obligation to recontact Dr. Letourneau where there were no obvious gaps in the administrative record and the ALJ possessed Rusin's complete medical history. *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999) ("[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a 'complete medical history,' the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." (quoting *Perez v. Chater*, 77 F.3d 41, 48 (2d

3

Cir. 1996)).

### III. Independent Psychiatrist Review

Rusin argues that because the ALJ declined to afford Dr. Letourneau's opinion controlling weight, the ALJ was required to have an independent psychiatrist review the record and offer an opinion.   As he conceded at oral argument, Rusin did not raise this argument before the district court and therefore has also waived his ability to pursue this argument on appeal.   *Poupore*, 566 F.3d at 306.   To the extent this argument is reviewable, it lacks merit.   The record contains a review by a state agency psychologist, E. Kamin, who concluded that Rusin has mild limitations in activities of daily living, social functioning, concentration, persistence, and pace.   This opinion is consistent with the ALJ's residual functional capacity assessment.

### IV. The ALJ'S Step Three Analysis

Rusin submits that the ALJ erred in concluding that he does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.   Specifically, Rusin argues that he is disabled under Listing 12.04.

Again, Rusin did not make this argument before the district court and thereby has waived pursuing it on appeal.   *Poupore*, 566 F.3d at 303.   To the extent this argument is reviewable, the ALJ's conclusion that Rusin did not meet the 12.04 Listing is supported by substantial evidence in the record.   Rusin testified that he can engage in activities of daily living, and there is no evidence that Rusin has experienced any extended episodes of decompensation.   Accordingly, Rusin does not meet the 12.04 Listing under either Paragraph B or Paragraph C criteria.   *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04.

4

## V. The ALJ's Disability Determination

Finally, Rusin faults the ALJ's adverse credibility finding. To evaluate a claimant's credibility, the ALJ is required to take a claimant's reports of limitations into account, 20 C.F.R. § 416.929(a), but the ALJ is "not required to accept the claimant's subjective complaints without question," *Genier v. Astrue,* 606 F.3d 46, 49 (2d Cir. 2010). Importantly, it is the function of the Commissioner, not the reviewing court, to "appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983).

The ALJ's evaluation of Rusin's credibility is supported by substantial evidence. To begin, the objective medical evidence does not demonstrate that Rusin's symptoms are as severe as he alleges. Rusin was examined by multiple mental health professionals who consistently noted that Rusin had normal speech, logical thoughts, intact cognitive functioning and memory, fair judgment, and normal attention. The medical evidence demonstrates that Rusin's condition precludes him from returning to work as a corporate president but does not prevent him from engaging in unskilled or semiskilled work.

Rusin's subjective complaints also lack support from his testimony. Rusin reported that he cooked simple meals daily, left the house daily, can drive, and shopped for groceries every two weeks. At the hearing, Rusin testified that he performed repairs for his mother about once every three months, walked for exercise, spent time with his friends but not on a regular basis, watched documentaries, and paid bills. Additionally, Rusin testified that he gave an opinion to Harvard's Endowment on whether to make certain investments, was on the president's circle for the Rochester Institute of Technology, and advised lawyers and accountants on the viability of companies based on his expertise. These activities of daily living are inconsistent with Rusin's

complaints of total debilitation.

We have considered Rusin's remaining arguments on appeal and find them to be without merit. We **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6