23-453-cv
Simmons v. Kijakazi

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand twenty-three.

PRESENT:  DENNIS JACOBS,
     RAYMOND J. LOHIER, JR.,
     EUNICE C. LEE,
      *Circuit Judges*.

------------------------------------------------------------------

JESSICA SIMMONS,

   *Plaintiff-Appellant*,

  v.               No. 23-453-cv

KILOLO KIJAKAZI, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

   *Defendant-Appellee*.

------------------------------------------------------------------

1

FOR PLAINTIFF-APPELLANT:       MARK A. SCHNEIDER, Law
                               Office of Mark A. Schneider,
                               Plattsburgh, NY

FOR DEFENDANT-APPELLEE:         SHANNON FISHEL, Special
                               Assistant United States
                               Attorney (Ellen E. Sovern,
                               Associate General Counsel—
                               Division 2, Office of the
                               General Counsel, Social
                               Security Administration,
                               Baltimore, MD, *on the brief*), *for*
                               Carla B. Freedman, United
                               States Attorney for the
                               Northern District of New York,
                               Syracuse, NY

Appeal from a judgment of the United States District Court for the

Northern District of New York (Thérèse Wiley Dancks, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Jessica Simmons appeals from a judgment of the

United States District Court for the Northern District of New York (Dancks, *M.J.*)

that affirmed the decision of the Acting Commissioner of Social Security denying

her application for disability insurance benefits under Title II of the Social

Security Act (SSA), 42 U.S.C. § 401, *et seq.* On appeal, Simmons principally

challenges the determination of the Administrative Law Judge (ALJ) that she was

2

not disabled within the meaning of the SSA.  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"On an appeal from the denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion."  *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (quotation marks omitted).  We review the administrative record "to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied."  *Sczepanski v. Saul*, 946 F.3d 152, 157 (2d Cir. 2020) (quotation marks omitted); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3).  Under the substantial evidence standard, "once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*."  *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (quotation marks omitted).

Simmons first argues that the ALJ failed to properly evaluate the opinions and findings of her treating medical sources.  In particular, she claims that the ALJ failed to consider the factors listed in 20 C.F.R. §§ 404.1520c(c)(3) and (c)(4) — namely, the medical source's relationship with the claimant and the

3

specialization of the medical source — and also failed to accord controlling weight to the medical opinions and findings of James Vanness, a physician assistant who treated her for mental health.  We see no error.

First, the applicable regulations only require an explanation as to how the ALJ "considered the supportability and consistency factors for a medical source's medical opinions," 20 C.F.R. § 404.1520c(b)(2), as the ALJ here did, *see* Special App'x 15.  "The factors of supportability (paragraph (c)(1) of [§ 404.1520c]) and consistency (paragraph (c)(2) of [§ 404.1520c]) are the most important factors" the agency "consider[s] when [it] determine[s] how persuasive [it] find[s] a medical source's medical opinions . . . to be."  20 C.F.R. § 404.1520c(b)(2).  An explanation is thus not required as to how the ALJ considered the remaining factors "in paragraphs (c)(3) through (c)(5)."  *Id.*

Second, contrary to Simmons's argument, the ALJ was also not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources."  *Id.* § 404.1520c(a).  The ALJ was entitled instead to "weigh the conflicting evidence in the record," including resolving any inconsistencies in Vanness's opinions and findings.  *Schaal v. Apfel*,

4

134 F.3d 496, 504 (2d Cir. 1998); *see also Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve."). Here, the ALJ noted that "[t]he portion of his opinion in which [Vanness] finds marked restrictions is not consistent with his own records" and thus unpersuasive. Special App'x 15. For example, Vanness found that Simmons had marked limitations in applying information and maintaining pace in his report of March 2020, which covers the period from November 2018 to the date of the report. However, in a prior report dated February 2019, which covers an overlapping period from November 2018 to the date of that report, Vanness stated that Simmons had no limitation in any of the functional categories, including in applying information or in maintaining pace. It may be possible that Simmons's condition changed during the non-overlapping period of the two reports (i.e., between February 2019 and March 2020), but this conclusion is undermined by his own treatment notes leading up to the March 2020 report. Specifically, in his notes dated September 23, 2019 (approximately six months before the March 2020 report), Vanness noted that Simmons "reports doing better now than in years." Similarly, in his notes dated November 8, 2019 (approximately four months before the March 2020 report), Vanness described

5

Simmons's behavior as "stable and uneventful," with "no apparent serious mental status abnormalities." And in his notes dated February 4, 2020 (approximately one month before the March 2020 report), Vanness reported Simmons's mental condition as "stable" and having "no gross abnormalities." Given this context, substantial evidence supports the ALJ's conclusion that Vanness's medical opinion was "inconsistent and . . . unpersuasive." Special App'x 15.

Simmons next contends that her medical records, together with the medical opinions of both Vanness and Dr. Brett Hartman, the agency's consultative examiner, demonstrate that she is *per se* mentally disabled.[1] To show a *per se* mental disability, Simmons must establish an extreme limitation of one, or marked limitation of two, of the following domains of mental functioning: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; or (4) adapting or managing oneself. 20 C.F.R. § 404, Subpt. P, App'x 1, Listings 12.04(B), 12.06(B). Here, substantial evidence supported the ALJ's conclusion

---

[1] We agree with the Magistrate Judge that Simmons has forfeited the argument that her mental condition meets Listing 12.15 for post-traumatic stress disorder. S*ee Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009).

6

that Simmons did not meet any of these listing requirements. For example, the agency's medical examiners described Simmons's limitation in each of the four categories as only "mild" or "moderate" rather than "extreme" or "marked." Simmons's statements and actions during her medical examinations regarding her conditions likewise support the ALJ's finding that Simmons did not satisfy the listing requirements for a *per se* mental disability. *See* Special App'x 9–10 (noting, among other things, that Simmons reported that she has several good friends and gets along with family members; can dress, bathe, and groom herself; and can cook, clean, and do laundry).

Lastly, Simmons maintains that the ALJ erred in determining that she has the residual functional capacity (RFC) to perform light work with some additional limitations. Again, we disagree. An "ALJ bears the final responsibility for making RFC determinations," and therefore an "ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence." *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022) (quotation marks omitted). Here, the ALJ's RFC determination was supported by substantial evidence. The results of Simmons's medical examinations showed, among other things, that her memory, attention, motor

7

strength, gait, and reflexes were normal. These results were corroborated by the opinions of various doctors and the agency's medical examiners. *See* Certified Admin. Rec. 92, 104–05. Accordingly, we agree with the Magistrate Judge that substantial evidence supports the ALJ's decision that Simmons has the RFC to perform light work with the additional limitations specified by the ALJ.

We have considered Simmons's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8