Angel GOMEZ, Plaintiff,

v.

Michael J. ASTRUE, Commissioner
of Social Security, Defendant.

No. 09 Civ. 6242.

United States District Court,
S.D. New York.

June 30, 2010.

Angel Gomez, Bronx, NY, pro se.

Susan Colleen Branagan, U.S. Attorney's Office, New York, NY, for Defendant.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff Angel Gomez ("Gomez") brings this action seeking court review of the final determination by the Commissioner of Social Security (the "Commissioner") denying Gomez's claim for Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g) ("405(g)"). The Commissioner moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the ground that the determination of the Administrative Law Judge ("ALJ") is supported by substantial evidence. For the reasons stated below, the Court GRANTS the Commissioner's motion.

## I. BACKGROUND [1]

From 1985 until 1999, Gomez was employed as a packer at Clay Park Laboratory, where he routinely lifted heavy objects as a required duty of his employment. Gomez stopped working at Clay Park Laboratory after he injured his back lifting a heavy object. In 2000, Gomez began working as a taxi driver for Junior Taxi, requiring him to sit for multiple consecutive hours and to occasionally lift objects that weighed up to ten pounds. He stopped working as a taxi driver in 2004 because of persistent pain in his lower back. Gomez has not sought further employment since he left Junior Taxi.

Gomez applied for SSI on July 7, 2006, and for DIB on July 31, 2006, alleging disability dating back to January 1, 2005 as a result of lower back pain, diabetes, hypertension and an affective disorder. After the Social Security Administration (the "SSA") denied his application, Gomez requested a hearing, which was held by the ALJ on November 3, 2008. By decision dated December 19, 2008 (the "Administrative Decision"), the ALJ found that Gomez was not disabled and therefore did not qualify for SSI or DIB. The SSA Appeals Council (the "Appeals Council") denied Gomez's request for review by letter dated March 18, 2009 (the "Appeals Council Letter"), thereby making the Administrative Decision final.[2] Gomez brought this action on July 13, 2009 seeking review of the Commissioner's denial of benefits.

[1] The facts below are taken from the administrative record (the "Record") filed by the Commissioner. Except where necessary, no further citations to the Record will be made.

[2] An ALJ's decision becomes final and eligible for review when it is approved by the Appeals Council or when the Appeals Council denies review of the decision. *See Perez v. Chater*, 77 F.3d 41, 45 (2d Cir.1996). Gomez's complaint, dated July 13, 2009 (the "Complaint"), states that the Administrative Decision was

The Commissioner filed a motion for judgment on the pleadings in response to Gomez's action on February 3, 2010. Pursuant to a Stipulation and Order dated December 31, 2009, Gomez's opposition to the Commissioner's motion was to be filed by March 5, 2010. Gomez failed to reply by that stipulated date, and by Order dated March 16, 2010, the Court extended the date for Gomez to file his opposition to April 30, 2010. Gomez failed to respond by the extended date and by Order dated May 28, 2010 (the "May 28 Order"), the Court once again extended Gomez's time to oppose the motion to June 14, 2010. The May 28 Order specified that beyond that time, no further extensions would be granted and the Court would rule on the Commissioner's motion on the basis of the papers of record. To date, Gomez has not responded to the May 28 Order. Accordingly, having reviewed Gomez's application and the Commissioner's motion for judgment on the pleadings requesting dismissal of this action, the Court grants the motion.

## II. DISCUSSION

### A. STANDARD OF REVIEW

■ Section 405(g) provides that "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); *see Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir.1990) ("Where there is substantial evidence to support

affirmed on May 29, 2009 and became final when Gomez received the Appeals Council Letter on June 3, 2009. However, the Appeals Council Letter, attached to the Complaint, is clearly dated March 18, 2009. The disparity between when the Appeals Council denied review and when Gomez received the letter appears to have been the result of a postal delay, and is not significant for the purpose of determining the Administrative Decision's finality.

either position, the determination is one to be made by the factfinder."). A fact is supported by substantial evidence when the supporting evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (*quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).

In reviewing the ALJ's determination of disability and subsequent denial of benefits, the Court is not to review the case de novo; " 'it is limited to inquiring into whether the Secretary's conclusions are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard.' " *Beauvoir v. Chater,* 104 F.3d 1432, 1433 (2d Cir.1997) (*quoting Cruz v. Sullivan,* 912 F.2d 8, 11 (2d Cir.1990)).

## B. *DISABILITY DETERMINATION*

"Disability" is defined in the Act as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Furthermore, an individual may be found disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B).

To determine whether an individual is disabled under the Act, an ALJ must employ the five-step assessment for the adjudication of disability claims contained in 20 C.F.R. §§ 404.1520(a)(4) and 416.920. *See Shaw v. Chater,* 221 F.3d 126, 132 (2d Cir.2000); *DeChirico v. Callahan,* 134 F.3d 1177, 1179 (2d Cir.1998). The steps, as provided for under 20 C.F.R. §§ 404.1520(a)(4) and 416.920, are:

(1) The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

(2) If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

(3) If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, the claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

(4) If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

(5) If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*Shaw,* 221 F.3d at 132.

If at any step, the Commissioner can make a finding that the claimant is disabled or not disabled, he must do so and the process need not continue. *See* 20 C.F.R. § 404.1520(a)(4). If the Commissioner cannot make such a determination, then he must continue to the next step. *Id.* The burden of proving the first four

steps falls on the claimant. At the fifth step, however, the Commissioner bears the burden of proving that despite the claimant's impairments, he or she is capable of performing work that is available in the national economy. *See Poupore v. Astrue,* 566 F.3d 303, 306 (2d Cir.2009). To determine whether jobs are available, the Commissioner may take administrative notice of "reliable job information available from various governmental and other publications." 20 C.F.R. § 416.966(d).

## C. *APPLICATION*

■ After reviewing the Record, the Court is persuaded that substantial evidence supports the Commissioner's determination that during the period in which Gomez applied for SSI and DIB, Gomez was not "disabled" within the definition of that term in the Act.

Pursuant to the first step of the five-step assessment, the ALJ found that Gomez had not engaged in substantial gainful activities since his alleged onset date of January 1, 2005. The ALJ then proceeded to the second step, determining that Gomez's ailments, including hypertension, diabetes, lumbar strain, a history of asthma, and a depressive disorder, were sufficiently severe to impair basic work functions under the Act.

Despite these findings at the first two steps of the assessment, the ALJ determined at the third step that these impairments did not meet or equal the severity of those listed in Appendix 1 of 20 C.F.R. Part 404, Subpart P ("Appendix 1"), since they did not result in "at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration." (Record at 15); *see also* 20 C.F.R.

§§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); Appendix 1.

With respect to the fourth step, the ALJ, relying on medical opinions provided by consultative examinations at the request of the SSA, found that Gomez had the residual functional capacity to perform "light work" defined as "lifting no more than twenty pounds at a time with frequent carrying of objects weighing up to ten pounds." (Record at 16); *see also* 20 CFR §§ 404.1567(b), 416.967(b). The ALJ found that Gomez was able to perform, follow, and understand simple instructions independently, maintain attention and concentration, make appropriate decisions, relate adequately with others, deal with stress, learn new tasks, and maintain a schedule. Since Gomez's past employment as a taxi driver and a laboratory packer involved a medium exertion level, which exceeds his capacity to perform light work, the ALJ found him unable to perform his past relevant work.

After taking Gomez's limitations into account and determining that he could not perform his previous duties as a taxi driver and a laboratory packer, the ALJ considered whether Gomez was able to perform other work in the national economy pursuant to the fifth step of the assessment. In making this determination, the ALJ considered Gomez's age, residual work capacity (discussed in the fourth step above), educational experience, and work experience, in conjunction with the Medical–Vocational Guidelines contained in 20 C.F.R. Part 404, Subpart P, Appendix 2 ("Appendix 2"). The ALJ determined that jobs existed in significant numbers in the national economy that Gomez could perform and that approximately 1,600 separate "light and sedentary occupations" could be identified in eight bread occupational categories in Appendix 2, each of which represents numerous jobs in the national econo-

my. In accordance with this finding, the ALJ determined that the functional capacity to perform a wide or full range of work represents substantial work capability, which is compatible with an ability to adjust to substantial numbers of unskilled jobs. Therefore, the ALJ concluded that a finding of "not disabled" was appropriate. (Record at 22.)

The Court finds that the Record as a whole contains substantial evidence to support the ALJ's determination at each step of the assessment. The Court notes that Gomez's treating physician, Dr. Avraham Henoch ("Henoch") reported "total disability"; he opined that Gomez could "never" lift or carry any weight, could sit, stand, and/or walk for only less than one hour at a time or in a workday, and could never reach, push, pull, operate foot controls, climb, balance, bend, stoop, kneel, crouch, or do many other work-related activities, including travel alone by public transportation. However, the Commissioner asserts that Henoch's reported opinions are not well-supported or consistent with the medical evidence, or other substantial evidence in the Record, and go so far as to contradict Gomez's own testimony about his abilities. The Court agrees with the Commissioner on this point.

Gomez underwent consultative physical and psychiatric examinations at the request of the SSA on September 8, 2006, which were reviewed by consultative physicians on October 24, 2006 and November 8, 2006. He received further psychiatric and orthopedic evaluations at the request of the SSA on January 28, 2008 and February 20, 2008. All examinations returned results consistent with the ALJ's findings regarding Gomez's non-disability status and residual functional capacity for light work and his ability to engage in vocationally relevant mental activities. Thus, the Court finds that even if Henoch's state-

ments were reliable, there is nevertheless substantial evidence on the Record, documented by the reports provided by the other medical experts, to support the ALJ's decision.

Moreover, the ALJ had no obligation to consider Henoch's statements. While an ALJ may consider opinions from medical sources on issues reserved to the Commissioner, such as the nature and severity of an impairment, findings relating to whether an individual is disabled (i.e., "administrative findings that are dispositive of a case") are reserved to the Commissioner. 20 C.F.R. § 404.1527(e).

The Court finds that Gomez's testimony and the physical and psychiatric assessments provided by the consultative physicians are sufficient to support a determination that the ALJ's denial of SSI and DIB was based on substantial evidence. Gomez is not disabled under the Act's definition and possesses the residual functional capacity to perform work in the national economy, pursuant to the last three steps of the Commissioner's assessment. Accordingly, the Court GRANTS the Commissioner's motion for judgment on the pleadings.

### III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion (Docket No. 10) of defendant Commissioner of Social Security for judgment on the pleadings dismissing the complaint of plaintiff Angel Gomez is GRANTED.

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**