13-436-cv
*Lewis v. Colvin*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand thirteen.

PRESENT:

    JOSÉ A. CABRANES,
    RICHARD C. WESLEY,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SEAN LEWIS,

        *Plaintiff-Appellant,*

        -v.-                    No. 13-436-cv

CAROLYN W. COLVIN,
Acting Commissioner of Social Security[*]

        *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**        JAYA SHURTLIFF, Law Offices of Kenneth Hiller, Amherst, NY.

---

[*] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

1

**FOR DEFENDANTS-APPELLEES:**                    BENIL ABRAHAM , Special Assistant United States Attorney (Stephen P. Conte, Of Counsel, *on the brief*) United States Social Security Administration Office of Regional Chief Counsel-Region II, New York, NY *for* Richard S. Hartunian, United States Attorney, United States Attorney's Office for the Northern District of New York, Syracuse, NY.

Appeal from the December 7, 2012 order of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 7, 2012 order of the District Court is **AFFIRMED**.

Sean Lewis appeals from the judgment of the District Court affirming the denial by the Commissioner of Social Security of Lewis's application for Social Security disability benefits on the basis that he was not disabled within the meaning of the Social Security Act ("SSA"). In particular, Lewis argues that the District Court erred in affirming the decision of the Administrative Law Judge ("ALJ")[1] because the ALJ made insufficient findings regarding Lewis's residual functioning capacity ("RFC"); assessed Lewis's credibility in a manner inconsistent with the applicable legal standards and the substantial evidence; and failed to elicit vocational expert testimony. Familiarity with the factual and procedural history of the case is presumed and we repeat only those details necessary to the resolution of this appeal.

## DISCUSSION

The judgment of a district court affirming the denial of disability benefits will be reversed only if, upon review of the administrative record, we determine that the administrative ruling was based on application of incorrect legal standards, or was not supported by "substantial evidence."[2] *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012); *see also* 42 U.S.C. § 405(a).

---

[1] On February 13, 2009, Lewis applied for Supplemental Security Income under the SSA. After his application was denied, he timely requested a hearing before the ALJ. On December 21, 2010, the ALJ issued a decision finding that Lewis was not disabled under the SSA. On August 26, 2011, the Appeals Council denied Lewis's request for review, rendering the ALJ's decision the final decision of the Commissioner.

[2] "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Lewis sought disability benefits based on a hip injury from a car accident and a panic disorder with other mental limitations including agoraphobia. In evaluating whether Lewis was disabled under the SSA,[3] the ALJ undertook the mandatory five-step sequential evaluation process, *see* 20 C.F.R. § 416.920, and determined, under the first three steps of that process, that Lewis had an impairment that did not qualify as a *per se* disability under the SSA.[4]

At step 4, the ALJ concluded that "claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b)[5] except the claimant is limited to understanding, remembering, and carrying out simple instructions." ALJ Op. at 5. The ALJ did not credit Lewis's statements regarding the intensity of his symptoms insofar as they were inconsistent with the objective medical evidence used to make the RFC assessment. *Id.* Instead, the ALJ relied on the psychiatric evaluations of Dr. Mahfuzur Rahman from 2008 and 2009, and Dr. Dennis Noia from 2009, as well as the physical evaluations of Dr. Pranab Datta. *Id.* at 5-7. The ALJ did not give "much weight" to the final opinion of Dr. Rahman, Lewis's treating physician, on the grounds that it was "internally inconsistent with his previous treatment notes," and appeared to be based on the subjective statements of the claimant. *Id.* at 7. Lewis contends that the ALJ erred by making insufficient findings regarding his physical limitations, and by failing to incorporate the opinion of the treating physician. We disagree.[6]

As a preliminary matter, the ALJ's determination that Lewis could perform "light work" is supported by Dr. Datta's assessment of "mild limitations for prolonged sitting, standing, and walking," and direction that Lewis should avoid "heavy lifting, and carrying." App'x 290. It is

---

[3] The SSA provides, with exceptions not applicable here, that

> an individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

42 U.S.C.A. § 1382c(a)(3)(A).

[4] Lewis does not challenge these findings on appeal. In order to find disability where a given impairment does not meet the criteria for a *per se* disability without reference to vocational factors (step 3 of the five-factor test) the Commissioner must determine that: (1) the claimant is not engaging in any substantial gainful activity; (2) he has a "severe impairment"; (4) his residual functional capacity does not permit him to return to his past relevant work; and (5) he cannot do other work existing in significant numbers in the national economy. *See* 20 C.F.R. § 416.920.

[5] "Light work" is that which "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," and "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b). "To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." *Id.*

[6] Insofar as Lewis's claim of error regarding the RFC determination relies on the argument, raised for the first time on appeal, that the ALJ failed to conduct a requisite "function-by-function" assessment of Lewis's limitations this argument is forfeited. *See Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009).

3

further supported by evidence in the record regarding Lewis's daily activity. ALJ Op. at 4 (finding mild restrictions in the activities of daily living). With respect to Dr. Rahman's opinion, the ALJ was not required to give it controlling weight where it was unsupported by the objective medical evidence. *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). The ALJ noted that Dr. Rahman's final opinion was inconsistent with his own prior opinions and the findings of the other medical examiners, and was based on Lewis's subjective complaints. ALJ Op. at 7. Relatedly, the ALJ's decision not to credit Lewis's subjective testimony regarding his symptoms was appropriate where his testimony was not supported by the objective medical evidence or evidence regarding his daily activity as set forth in the ALJ's opinion and supported by the record.[7] *Id.* In sum, the ALJ applied the correct legal standards, supported by substantial evidence to conclude that Lewis could perform light work with certain nonexertional limitations.

At step 5, the ALJ considered Lewis's age, education, work experience, and RFC, and concluded that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* Specifically, the ALJ determined that the additional limitations of "only being able to understand, remember and carry out simple instructions ha[d] little or no effect on the occupational base of unskilled light work." *Id.* at 8. Lewis's argument that the ALJ was required to consult with a vocational expert at this stage is unavailing. Vocational expert testimony is required only if a claimant's "nonexertional limitations . . . significantly limit the range of work permitted by his exertional limitations." *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (internal quotation marks omitted). A nonexertional impairment is "significantly limit[ing]" when it "so narrows a claimant's possible range of work as to deprive him of a meaningful employment opportunity." *Id.* at 410-11. As the District Court recognized, where the ALJ determined that Lewis's additional limitations did not significantly limit his capacity to perform light work—a determination supported by the record evidence—it was not error to rely on the Medical-Vocational Guidelines to determine that jobs existed in the economy that Lewis could perform.

---

[7] The ALJ stated that "the claimants' statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the [RFC] assessment," and went on to detail the medical documents upon which he relied in making that RFC determination. ALJ Op. at 5.

**CONCLUSION**

We have reviewed Lewis's arguments on appeal and, in light of the administrative record, find them to be without merit for the reasons stated above and in the District Court's thorough opinion of December 7, 2012. Accordingly, we **AFFIRM** the December 7, 2012 judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court