13-4490-cv
*Rosier v. Colvin*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand fourteen.

PRESENT: RALPH K. WINTER,
DENNY CHIN,
*Circuit Judges*,
J. PAUL OETKEN,
*District Judge*.[**]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AMY ROSIER,

*Plaintiff-Appellant*,

v.

13-4490-cv

CAROLYN W. COLVIN, Commissioner of
Social Security,[**]

*Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

---

[*]

The Honorable J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

[**]        Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Commissioner Carolyn W. Colvin is automatically substituted for former Commissioner Michael J. Astrue as the respondent in this case.

FOR PLAINTIFF-APPELLANT:                    Amy L. Rosier, *pro se*, Holley, New York.

FOR DEFENDANT-APPELLEE:                    Joshua L. Kershner, Special Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, *and* Stephen P. Conte, Regional Chief Counsel - Region II, Office of the General Counsel, Social Security Administration, New York, New York.

Appeal from the United States District Court for the Western District of New York (Skretny, *C.J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Amy Rosier appeals from the judgment of the district court filed September 20, 2013, affirming the Social Security Commissioner's denial of her application for disability benefits.  By decision and order entered September 19, 2013, the district court granted the Commissioner's motion for judgment on the pleadings and denied Rosier's motion for judgment on the pleadings.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we briefly summarize before addressing the merits.

Rosier filed a claim for Social Security disability benefits on February 22, 2005, which was denied after a hearing by an Administrative Law Judge ("ALJ") on November 23, 2007.  Rosier appealed this decision to the district court, arguing, among other things, that the ALJ did not give proper weight to the 2005 opinion of her treating

-2-

physician, Dr. Perry. In remanding the case, the district court did not address this argument, instead concluding that the ALJ had failed to consider Rosier's good work record in assessing her credibility. On remand, the ALJ declined to accord controlling weight to the opinion Dr. Perry rendered in 2005, ultimately finding that Rosier was not disabled between 2004 and 2007,[1] and Rosier again appealed. On the second appeal, Rosier argued only that the ALJ failed to give proper weight to her doctor's opinion. The district court rejected Rosier's appeal, holding that Rosier's argument was barred by *res judicata*; alternatively, the district court held that Rosier's claim was meritless. This appeal followed.

On appeal, Rosier argues that the ALJ erred in (1) determining that *res judicata* barred her appeal, and (2) failing to remand her claim to the ALJ for the purpose of assessing her doctor's opinion.[2] Because we agree that the ALJ gave proper weight to Dr. Perry's opinion, we do not address the *res judicata* question.

---

[1] Before the district court decided her first appeal, Rosier filed another application for benefits on July 3, 2008. In a separate hearing, an ALJ determined that Rosier was entitled to benefits beginning November 24, 2007, but that the time period before that date was governed by the prior application.

[2] Rosier's *pro se* appellate brief advances several additional arguments, but these were not raised below, where she was represented by counsel. "[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994). Accordingly, we deem her additional arguments waived. *See Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) (per curiam) ("Although claimants in Social Security cases are not subject to some issue exhaustion requirements, at least where the claimant is represented by counsel before the district court, the claimant must present the relevant legal arguments in that forum in order to preserve them for appellate review." (citation omitted)).

When deciding an appeal from a denial of disability benefits, "[w]e conduct a plenary review of the administrative record, and our focus is on the administrative ruling more than on the district court's decision." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam). Our review is limited to determining whether the conclusions of the ALJ "were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Selian*, 708 F.3d at 417, and "[t]he substantial evidence standard means once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*," *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (internal quotation marks omitted).

A treating physician's opinion is afforded "controlling weight" when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial [record] evidence." 20 C.F.R. § 404.1527(c)(2). Nevertheless, a "treating physician's statement that the claimant is disabled cannot itself be determinative." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999). Myriad factors contribute to an ALJ's assessment of the treating physician's opinion, including the length and nature of the treating doctor's relationship with the patient, the extent to which the medical evidence supports the doctor's opinion, whether the doctor

-4-

is a specialist, the consistency of the opinion with the rest of the medical record, and any other factors "which tend to . . . contradict the opinion."  20 C.F.R. § 404.1527(c)(2)(i)-(ii) and (c)(3)-(6); *see also Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) ("Although the treating physician rule generally requires deference to the medical opinion of a claimant's treating physician, the opinion of the treating physician is not afforded controlling weight where . . . the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts." (internal citation omitted)).

Upon our review of the record, we conclude that the ALJ properly declined to accord controlling weight to Dr. Perry's 2005 assessment.  First, the ALJ noted that Dr. Perry's 2005 assessment "was completed just before the claimant, in September 2005, reported a good response to Effexor, and she was described as stable." (ROA at 317).  The ALJ instead afforded "significant weight" to a more detailed assessment Dr. Perry conducted in 2007, because it covered a longer time frame and was "consistent with the medical evidence."  (ROA at 317).  Additionally, the ALJ relied on substantial evidence in the record that was inconsistent with Dr. Perry's 2005 assessment, including an assessment by Rosier's treating chiropractor, testimony regarding Rosier's daily activities, evaluations by a consultative examiner, and treatment notes from various doctors.  We therefore find that the ALJ appropriately

considered the factors set forth in 20 C.F.R. § 404.1527(c) in declining to accord

controlling weight to Dr. Perry's 2005 assessment.

We have considered Rosier's remaining arguments and conclude they are

without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk