14-991-cv
*Morgan v. Colvin*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand fifteen.

Present:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

DONNEITA MORGAN,

> *Plaintiff-Appellant*,

> v.                                                                 No.  14-991-cv

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,

> *Defendant-Appellee.*

_____

For Plaintiff-Appellant:          KENNETH R. HILLER, Amherst, NY.

For Defendant-Appellee:          JEREMY A. LINDEN and STEPHEN P. CONTE (on the brief), *for* WILLIAM J. HOCHUL, JR., United States Attorney, Western District of New York, Syracuse, NY.

_____

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **VACATED** and the case is **REMANDED** to the district court for further proceedings consistent with this order.

Plaintiff-Appellant Donneita Morgan appeals from an order of the United States District Court for the Western District of New York, affirming the Commissioner's decision to deny Morgan's applications for disabled widow's benefits and supplemental social security income. We assume the parties' familiarity with the underlying facts, the procedural history, and the legal issues presented by this appeal.

"When a district court has reviewed a determination of the Commissioner, we review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam) (internal quotation marks and alteration omitted). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotation marks and citations omitted).

"'[T]he ALJ cannot arbitrarily substitute his own judgment for competent medical opinion.'" *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (quoting *McBrayer v. Sec'y of Health and Human Servs.,* 712 F.2d 795, 799 (2d Cir. 1983)). Though "[g]enuine conflicts in the medical evidence are for the [ALJ] to resolve," *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002), the "treating physician rule" directs the ALJ to give controlling weight to the opinion of

the treating physician so long as it is consistent with the other substantial evidence, *Halloran v. Barnhart,* 362 F.3d 28, 32 (2d Cir. 2004) (per curiam); 20 C.F.R. § 404.1527(c)(2). "An ALJ who refuses to accord controlling weight to the medical opinion of a treating physician must consider various 'factors' to determine how much weight to give to the opinion[,] . . . [including:] (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion." *Halloran,* 362 F.3d at 32; *see* 20 C.F.R. § 404.1527(c)(2). "We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician[']s opinion." *Halloran,* 362 F.3d at 33.

In this case, the ALJ erred in failing to explain adequately his reasons for the minimal weight given to the opinion of Morgan's treating physician, Dr. Antonia Redhead, M.D., who prepared an April 2011 evaluation report concluding that Morgan was incapable of sustaining full-time employment. The ALJ accorded "little weight" to Dr. Redhead's opinion based on the ALJ's determination that it was "not supported by the overall medical record." Certified Administrative Record ("C.A.R.") at 23. Dr. Redhead's opinion was, however, consistent with those of Dr. Cameron B. Huckell, M.D., Dr. A. Mark Tetro, M.D., and Dr. Conrad A. Williams, M.D, who similarly opined that Morgan was disabled. Although the ALJ similarly accorded little weight to the opinions of Drs. Huckell and Tetro because they "relied very little on the medical evidence and heavily on [Morgan's] subjective complaints of pain," C.A.R. at 22, Dr. Huckell found that Morgan's cervical spine MRIs showed a pathology that could explain her symptoms. Drs. Redhead and Williams also concluded that Morgan's symptoms were consistent

3

with her impairments. The ALJ did not identify any contrary medical evidence suggesting that Morgan's impairments could not produce her symptoms. Instead, the ALJ placed conclusive weight on the opinion of Dr. Samuel Balderman, M.D., who performed a December 2009 consultative examination and opined that Morgan's limitations should resolve over the next four months. The ALJ concluded that Dr. Balderman's opinion was entitled to great weight because it was consistent with Morgan's MRIs. The record, however, does not indicate whether Dr. Balderman ever reviewed Morgan's MRIs, and the ALJ made no attempt to square his conclusion regarding Dr. Balderman's opinion with Dr. Huckell's MRI findings. Dr. Balderman's opinion, moreover, pre-dates Dr. Redhead's by more than a year. On this record, we conclude that the ALJ's conclusory, one-sentence explanation for his decision to reject Dr. Redhead's opinion did not fulfill his obligation to "provide[] 'good reasons' for the weight given to" that opinion. *Halloran,* 362 F.3d at 32.

In light of the deficiencies in the ALJ's findings and the need for a remand so the ALJ may set forth with greater clarity the reasons he gave little weight to Dr. Redhead's opinion, we express no opinion at this time as to whether the ALJ's decision not to give controlling weight to Dr. Redhead's opinion was supported by substantial evidence.

We **VACATE** the judgment of the district court and **REMAND** the case to the district court with instructions to remand Morgan's claim to the Commissioner for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4