11-4620-cv
TZ Manor, LLC v. Daines

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of November, two thousand twelve.

PRESENT:  BARRINGTON D. PARKER,
                  REENA RAGGI,
                  GERARD E. LYNCH,
                          *Circuit Judges*.
-------------------------------------------------------------------------

TZ MANOR, LLC, PONDVIEW CORPORATION, PARKFIELD PROPERTIES, (as assignee of Exchange Authority LLP, Trustee of the Almeida Parkfield Exchange Trust), as Tenants in Common,

                          *Plaintiffs-Appellants*,

                  v.                                      No.  11-4620-cv

RICHARD F. DAINES, M.D., Commissioner of the New York State Department of Health, ROBERT P. DOUGHERTY, Director of the New York State Department of Health, Division of Home and Community Based Care, JUDITH R. MOONEY, Co-Director of the New York State Department of Health, Division of Home and Community Base Care, MARYBETH FADER, Director, ACF CON Certification Unit of the New York

State Department of Home and Community Base Care,
ALAN J. LAWITZ, ESQ., Associate Attorney, Bureau of
House Counsel, New York State Department of Health,
THE LONG HILL ALLIANCE COMPANY, INC.,

*Defendants-Appellees*,

KEVIN MAHON, Commissioner of the New York State
Department of Social Services,

*Defendant*.
--------------------------------------------------------------------------
FOR APPELLANT:                Vincent R. Fontana, Esq., Garden City, New York.

FOR APPELLEES:              Matthew W. Grieco, Assistant Solicitor General,
Barbara D. Underwood, Solicitor General, Richard
Dearing, Deputy Solicitor General, *on behalf of* Eric T.
Schneiderman, Attorney General of the State of New
York, New York, New York, *for Defendants-Appellees
Richard F. Daines, Robert P. Dougherty, Judith R.
Mooney, Marybeth Fader, ACF CON.*

David E. Nardolillo, Esq., *for Defendant-Appellee The
Long Hill Alliance Company, Inc.*

Appeal from a judgment of the United States District Court for the Southern District

of New York (Kenneth M. Karas, *Judge*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND

DECREED that the judgment entered on September 28, 2011, is AFFIRMED.

Plaintiffs TZ Manor, LLC, Pondview Corporation, and Parkfield Properties appeal

from the dismissal of their amended complaint charging five officials of the New York State

Department of Health, as well as the Long Hill Alliance Company, Inc., with violations of

substantive due process insofar as they deprived plaintiffs of their full property rights in a 100-bed adult care facility located in Nyack, New York.[1]  On de novo review of the challenged dismissal, see Galliano v. Fid. Nat'l Title Ins. Co., 684 F.3d 309, 313 (2d Cir. 2012), we consider whether the complaint pleads "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion to dismiss, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009). We assume the parties' familiarity with the underlying facts and record of prior proceedings, which we discuss only as necessary to explain our decision to affirm substantially for the reasons stated by the district court in its detailed opinion.  See TZ Manor, LLC v. Daines, M.D., 815 F. Supp. 2d 726 (S.D.N.Y. 2011).

To plead a plausible substantive due process claim, a plaintiff must allege facts establishing (1) a cognizable property interest (2) that was invaded in an arbitrary and irrational manner.  See O'Mara v. Town of Wappinger, 485 F.3d 693, 700 (2d Cir. 2007); Natale v. Town of Ridgefield, 170 F.3d 258, 262–63 (2d Cir. 1999).  Plaintiffs do not argue that they had a property right to be issued a temporary or permanent license to operate the facility themselves. Insofar as plaintiffs fault the Board defendants for failing to revoke Long Hill Alliance's license to operate the adult care facility in the period between the end of Long

---

[1] Because plaintiffs abandoned their procedural due process and equal protection challenges in the district court, and have forfeited their takings clause challenge on appeal, see Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009), we need here address only their substantive due process claim.

3

Hill Alliance's receiver appointment and the grant of an operating license to plaintiffs, we need not here decide whether state law would have permitted plaintiffs to eject Long Hill Alliance from the care facility upon termination of the receivership, or to bring a claim against Long Hill Alliance for rent on a theory of quantum meruit or unjust enrichment. Plaintiffs sought no such relief. In the complicated circumstances presented, plaintiffs fail plausibly to plead that it was arbitrary or irrational for Department of Health officials not to revoke Long Hill Alliance's operating license until such time as the Department granted an operating license to plaintiffs. See Lombardi v. Whitman, 485 F.3d 73, 81–82 (2d Cir. 2007) (holding that conduct "must be outrageous and egregious under the circumstances" to state substantive due process claim); Natale v. Town of Ridgefield, 170 F.3d at 262. Insofar as plaintiffs submit that defendants' actions deprived them of their property right to close down the adult care facility, the complaint itself makes clear that plaintiffs had no such intent, much less that they communicated it to defendants.

Moreover, despite plaintiffs' contention that defendants deprived them of their property right to the rent generated by the adult care facility, we conclude, for the reasons stated by the district court, that plaintiffs fail to plead a plausible property right to such rents either as a matter of contract or state regulation. See TZ Manor, LLC v. Daines, M.D., 815 F. Supp. 2d at 741–42. Where plaintiffs cannot point to any clear authority supporting the right they assert, they cannot claim that defendants' alleged failure to award them the rents at issue so shocked the conscience as to state a constitutional violation. See County of

4

Sacramento v. Lewis, 523 U.S. 833, 846–849 (1998).  In urging otherwise, plaintiffs contend that Long Hill's lack of maintenance threatened the health, safety, and comfort of the home's residents, and thus constitutes egregious conduct.  Because this allegation nowhere appears in their amended complaint, we need not consider whether an allegation of egregious personal harm to a third party, even if true, is sufficient to demonstrate that a defendant's interference with a plaintiff's property right is so arbitrary and irrational to violate substantive due process.

We have considered all of plaintiffs' remaining arguments and find them to be without merit.  Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5