17-3473-cv
*TZ Manor, LLC v. Estate of Daines*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of September, two thousand eighteen.

**PRESENT:**
> **BARRINGTON D. PARKER,**
> **PETER W. HALL,**
> **RAYMOND J. LOHIER, JR.,**
> *Circuit Judges.*

---

TZ MANOR, LLC, PONDVIEW CORP., PARKFIELD PROPERTIES,

> *Plaintiffs-Appellants,*

> v.                                                                    No. 17-3473-cv

THE ESTATE OF RICHARD F. DAINES, COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF HEALTH BEING SUED IN HIS INDIVIDUAL CAPACITY, ROBERT P. DOUGHERTY, DIRECTOR OF THE NEW YORK STATE DEPARTMENT OF HEALTH, DIVISION OF HOME AND COMMUNITY BASED CARE BEING SUED IN HIS INDIVIDUAL CAPACITY, JUDITH R. MOONEY, CO-DIRECTOR OF THE NEW YORK STATE DEPARTMENT OF HEALTH, DIVISION OF HOME AND COMMUNITY BASED CARE BEING SUED IN HIS INDIVIDUAL CAPACITY, MARYBETH FADER, DIRECT AND ACF CON CERTIFICATION UNIT OF THE NEW YORK STATE DEPARTMENT OF HEALTH, DIVISION OF HOME AND COMMUNITY BASED CARE BEING SUED IN HER INDIVIDUAL CAPACITY,

> *Defendants-Appellees.*[*]

---

[*] The Clerk of the Court is respectfully directed to amend the official caption as set forth above.

For *Plaintiffs-Appellants*:                SANFORD F. YOUNG, The Law Offices of Sanford F. Young, P.C., New York, N.Y.

For *Defendants-Appellees*:                ESTER MURDUKHAYEVA, Assistant Solicitor General of Counsel, (Steven C. Wu, Deputy Solicitor General, *on the brief*), *for* Barbara D. Underwood, Attorney General of the State of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on September 28, 2017, is **AFFIRMED**.

Plaintiffs-Appellants TZ Manor, LLC, Pondview Corp., and Parkfield Properties (collectively, "plaintiffs"), appeal the district court's grant of a motion to dismiss filed by defendants, officials of the New York State Department of Health ("DOH"), under Federal Rule of Civil Procedure Rule 12(b). Plaintiffs, who own a 100-bed adult home named Tappan Zee Manor ("TZ Manor"), brought this action pursuant to 42 U.S.C. § 1983 alleging that defendants effected a taking of plaintiffs' property without just compensation by allowing an independent operator to run the adult home for a period of approximately two years from 2006 to 2008. This appeal is taken from an Opinion and Order of the district court, the second of two federal actions brought against defendants, that dismissed plaintiffs' takings claim as unripe for their failure to act timely in pursuing state law remedies. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The takings claim arises from the appointment by the New York State Supreme Court of Long Hill Alliance Company, Inc., to serve as a temporary receiver and

2

interim operator of TZ Manor in April 2004. Although the receivership was terminated by an order dated March 3, 2006, plaintiffs allege that DOH continued to permit Long Hill to operate TZ Manor without seeking court approval pursuant to New York Social Services Law § 461-f(4) or 18 New York Codes, Rules, and Regulations § 485.9. In a letter dated October 11, 2006, the DOH notified plaintiffs that because the property owner TZ Manor LLC and its affiliates were not authorized to act as an operator of the adult home, the DOH approved Long Hill as the "current approved temporary operator" of TZ Manor. App'x 38. Long Hill continued to operate TZ Manor until May 16, 2018, when plaintiffs took sole possession of the adult home after receiving a permanent operating license from DOH. Plaintiffs seek to recover rent from the defendants for the period between March 3, 2006 to May 16, 2008, based on the defendants' decision to authorize Long Hill to continue operating TZ Manor.

"We review de novo the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).

The Takings Clause of the Fifth Amendment provides that no "private property [shall] be taken for public use, without just compensation." U.S. Const. amend. V. "The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985). The law recognizes two forms of takings: physical takings and regulatory takings. *See Buffalo Teachers Fed'n v. Tobe*, 464 F.3d 362, 374 (2d Cir. 2006). As relevant here, a regulatory taking occurs "when the government acts in a regulatory capacity" and "the state regulation goes too far

3

and in essence 'effects a taking.'" *Id.* (quoting *Meriden Tr. & Safe Deposit Co. v. FDIC*, 62 F.3d 449, 454 (2d Cir. 1995)).

To establish a claim of deprivation of property without due process, a plaintiff must first identify a cognizable property right. It is undisputed that, as the uncontested owners of the adult home during the relevant time period, plaintiffs possessed certain protected property rights in the home. No person or entity, however, may operate an adult home in New York without an operating license. N.Y. Soc. Serv. Law § 460–b(1). As the district court held in the prior related federal action, *TZ Manor, LLC v. Daines*, 815 F. Supp. 2d 726 (S.D.N.Y. 2011), the "conferral of such a license is not a constitutionally protected property interest because . . . such an interest is only created when there is 'no uncertainty regarding [the plaintiff's] entitlement to it under applicable state or local law, and the issuing authority had no discretion to withhold it in his particular case.'" *Id.* at 740 (quoting *Natale v. Town of Ridgefield*, 170 F.3d 258, 263 n.1 (2d Cir. 1999)). New York law vests considerable discretion in DOH to grant operating licenses to adult home operators according to broad standards. *See* N.Y. Comp. Codes R. & Regs. tit. 18, § 485.6(a)(1).

This Court has previously upheld the district court's determination that, among other things, plaintiffs did not have a cognizable "property right" in receiving an operating license for the adult home, and that DOH acted reasonably in authorizing Long Hill to continue as a temporary operator. *See TZ Manor, LLC v. Daines*, 503 F. App'x 82, 84 (2d Cir. 2012). Prior to obtaining an operating license in 2008, moreover, plaintiffs had no right to operate the home. N.Y. Soc. Serv. Law § 460–b(1); *see also Spinelli v. City of New York*, 579 F.3d 160, 169 (2d Cir. 2009) (noting that "a person does not have a protected interest in a possible future business license" because it

4

"involves a purely speculative property interest" (alteration omitted) citation omitted) (internal quotation marks omitted)). As this Court has noted before, nothing prevented plaintiffs from bringing an action to eject Long Hill from the adult home upon termination of the receivership, or from bringing claims against Long Hill for the payment of rents to which they believe they were entitled. *See TZ Manor*, 503 F. App'x at 84.

For many of the reasons stated by the numerous decisions issued in this case, we conclude that plaintiffs have failed to demonstrate that they possessed a cognizable property right to such rents or that defendants deprived them of such rights. Absent a cognizable property right, plaintiffs cannot prevail on a takings claim against defendants.

We have considered plaintiffs' remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court