18-640-cv
Abarzua v. Berryhill

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 27th day of February, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             SUSAN L. CARNEY,
                  *Circuit Judges*.

_____

YASSNA NATHALIE ABARZUA,

                  *Plaintiff-Appellant*,

              v.                                          18-640-cv

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                  *Defendant-Appellee.*

_____

Appearing for Appellant:     Anselmo A. Alegria, Alegria & Barovick LLP, White Plains, N.Y.

Appearing for Appellee:      Susan D. Baird, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Appellant Yassna Nathalie Abarzua appeals from a January 12, 2018 judgment of the United States District Court for the Southern District of New York (Forrest, J.), upholding a decision of the Commissioner of Social Security denying Abarzua's claim for Supplemental Security Income ("SSI") benefits. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Abarzua primarily argues on appeal that the district court erred in concluding that the administrative law judge ("ALJ") properly considered the opinions of Abarzua's treating physicians and that the district court erred in holding that substantial evidence supports the ALJ's finding that Abarzua could perform work existing in significant numbers in the national economy.

"We review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Pollard v. Halter*, 377 F.3d 183, 188 (2d Cir. 2004) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938). "Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (internal quotation marks omitted).

Abarzua first argues that the ALJ failed to properly consider the treating physicians' opinions concerning her physical capacity to do sedentary work. The opinion of a treating source as to the nature and severity of a claimant's impairment is entitled to controlling weight only where it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the claimant's case record. 20 C.F.R. § 416.927(c)(2). In evaluating a treating source opinion, the decision-maker is to consider the extent to which the opinion is supported by relevant evidence as well as the consistency of the opinion with the record as a whole. *Id*. § 416.927(c)(3)-(4).

Here, the ALJ did not err in observing that Dr. Khasidy's opinion that Abarzua could not lift ten pounds or sit continuously in a work setting was contradicted by substantial medical evidence, as well as Abarzua's activities of daily living. *See Poupore v. Astrue*, 566 F.3d 303, 307 (2d Cir. 2009) (explaining that "the ALJ correctly noted" the claimant's daily activities in his evaluation of the claim). Such medical evidence includes the examination and opinions of Dr. Brahms and Dr. Lathan as well as Abarzua's conservative treatment. Nor did the ALJ err by relying on the opinion of Dr. Brahms, who reviewed all the medical records apart from three exhibits that the ALJ partially read to him over the phone. *See Richardson v. Perales*, 402 U.S. 389, 400-01 (1971) (explaining that strict rules of evidence do not apply in Social Security hearings).

2

Citing *Green-Younger v. Barnhart*, 335 F.3d 99, 107-08 (2d Cir. 2003), Abarzua also appears to argue that the opinions of consulting physicians cannot provide substantial evidence. But in *Green-Younger*, this Court explained that "the reports of two SSA consulting physicians . . . are also not substantial evidence," not because of the mere fact that they were consulting physicians, but because one relied entirely on a single report, and the other addressed the wrong deficits, i.e., deficits that were not at issue. *Id*. Here, in contrast, Drs. Brahms, Efobi, and Blackwell relied on multiple pieces of medical evidence and addressed relevant findings with respect to Abarzua's condition. The ALJ did not err in concluding that substantial evidence, including her own treatment notes, contradicted Dr. Batista's opinion on Abarzua's workday and workweek limitations, and therefore did not err in discounting her opinion.

Abarzua next argues that the Commissioner failed to sustain her burden of proof to show that Abarzua can adjust to other work in the economy. "[T]here is only a limited burden shift to the Commissioner at step five. Under the applicable . . . regulation, the Commissioner need only show that there is work in the national economy that the claimant can do; he need not provide additional evidence of the claimant's residual functional capacity." *Poupore*, 566 F.3d at 306. Here, the vocational expert testified that the hypothetical individual incorporating Abarzua's vocational profile and residual functional capacity could perform work as, for example, an addresser, document preparer, sack or bag repairer, or surveillance system monitor. The Commissioner was not required to show that Abarzua could adjust to other work in the economy, as Abarzua argues. Abarzua's argument on this point essentially repeats her argument as to the weighing of the treating physicians' opinions. For the reasons above, this argument fails.

We have considered the remainder of Abarzua's arguments and find them to be without merit. Accordingly, we hereby AFFIRM the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk