*McGonagle v. Kijakazi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand twenty-two.

PRESENT:

> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> > *Circuit Judges*,
> LEWIS J. LIMAN,
> > *District Judge.*[*]

———————————————————————

MARY MCGONAGLE,

> *Plaintiff-Appellant*,

v.                                                                       No. 22-637

KILOLO KIJAKAZI, ACTING COMMISSIONER OF
SOCIAL SECURITY,

> *Defendant-Appellee*.

———————————————————————

---

[*] Judge Lewis J. Liman, of the United States District Court for the Southern District of New York, sitting by designation.

**For Plaintiff-Appellant:**   MARK SCHNEIDER, ESQ., Plattsburgh, NY.

**For Defendant-Appellee:**   MOLLY E. CARTER, Special Assistant United States Attorney (Michael J. Pelgro, Regional Chief Counsel – Region I, Office of the General Counsel, Social Security Administration, *on the brief*), *for* Carla B. Freedman, United States Attorney for the Northern District of New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thérèse Wiley Dancks, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Mary McGonagle appeals from the district court's judgment upholding the denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act, 42 U.S.C. § 301 *et seq*.   The district court found that the administrative law judge ("ALJ") applied the correct legal standards and that substantial evidence supported the ALJ's determination that McGonagle was not entitled to DIB or SSI.   McGonagle

2

timely appealed. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

When the district court upholds an ALJ's benefits determination made on behalf of the Commissioner of Social Security ("Commissioner"), we review *de novo* the administrative record to determine "whether the Commissioner applied the correct legal standard" and "whether there is substantial evidence supporting the Commissioner's decision." *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010). "The substantial[-]evidence standard means once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks omitted).

On appeal, McGonagle raises five principal challenges to the ALJ's determination that her mental-health conditions did not constitute disabilities within the meaning of the Social Security Act. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3). We address each of these five challenges in turn.

First, McGonagle argues that the ALJ failed to adequately evaluate the opinions of her treating psychiatric nurse, Ms. Hackney, and the Commissioner's own examining consultant, Dr. Hartman, which conflicted with those of the

agency's non-examining consultants. But we cannot say that it was an error for the ALJ to conclude that parts of Ms. Hackney's and Dr. Hartman's opinions were "inconsistent with treatment records." Sp. App'x at 15; *see also id.* at 14. Nor was it unreasonable for the ALJ to find that the medical assessments made by "physicians employed by the State Disability Determination Services" were more persuasive. *Id.* at 14. The treatment records "consistently showed that she remained attentive, communicative, [had] good eye contact . . . [,] normal insight with intact judgment, [and] no gross behavior abnormalities" and "fail[ed] to reveal the type of significant clinical abnormalities one would expect if the claimant were in fact disabled." Sp. App'x at 15–16; *see also generally* Admin. Record at 729–888. "[A]n ALJ is free . . . to choose between properly submitted medical opinions," *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (alteration omitted), and "we defer to the Commissioner's resolution of conflicting evidence," *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). Accordingly, we cannot conclude on this record that "[t]he ALJ egregiously erred . . . by not giving full weight to [Ms. Hackney's and Dr. Hartman's] opinions." Reply Br. at 14.

Second, McGonagle disputes the ALJ's findings that her mental-health conditions did "not meet or medically equal" any impairment listed in Subpart P,

4

Appendix 1 of the social security regulations. Sp. App'x at 7; *see also* 20 C.F.R. pt. 404, subpt. P, app. 1. At issue are listings 12.04 (depressive, bipolar, and related disorders), 12.06 (anxiety and obsessive-compulsive disorders), and 12.15 (trauma- and stressor-related disorders), all of which require McGonagle to demonstrate "serious and persistent mental disorders," 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A)(2)(c), or alternatively, "extreme limitation [in] one, or marked limitation [in] two, of the four areas of mental functioning," *id.* § 12.00(A)(2)(b) (internal quotation marks omitted). Relying on evidence suggesting that McGonagle was able to do a wide range of daily activities – including "prepar[ing] simple meals," "driv[ing]," "play[ing] video games," "attend[ing] medical appointments," "getting along well with providers and staff," "spen[ding] time with friend[s] and family," and "tak[ing] public transportation," Sp. App'x at 7–8 – the ALJ reasonably concluded that McGonagle's mental-health conditions did not meet the severity of any of the listings at issue.

Third, McGonagle contends that the ALJ erred by finding that she retained the residual functional capacity ("RFC") of "perform[ing] a full range of work," as long as the work did not involve more than "occasional interaction with co[-]workers and the public." *Id.* at 8. We disagree. Medical opinions and

assessments in the record indicated that McGonagle was "very good in her ability to understand and remember detailed instructions," *id.* at 15; that she often appeared "attentive" and "communicative," with "no apparent signs of hallucinations, delusions[,] or bizarre behaviors," *id.* at 16; and that she had "logical thinking, intact cognitive functioning, [and] intact memory skills," *id.* That evidence included Ms. Hackney's assessment questionnaire, *see* Admin. Record at 807–12, and observations of McGonagle during treatment sessions, *see, e.g., id.* at 730–49, 813–88. On this record, we find that substantial evidence, including "[o]bjective medical evidence [that is] useful . . . in making reasonable conclusions about the intensity and persistence of . . . symptoms," supports the ALJ's RFC determination. 20 C.F.R. § 404.1529(c)(2).

Fourth, McGonagle asserts that the ALJ gave insufficient weight to McGonagle's own testimony. But as long as the ALJ provides "specific reasons" for finding testimony not credible, his "credibility determination is generally entitled to deference on appeal." *Selian v. Astrue*, 708 F.3d 409, 420 (2d Cir. 2013). Here, the ALJ concluded that McGonagle's testimony was "inconsistent" with, or otherwise "not substantiated or corroborated by," the record evidence. Sp. App'x at 10. For example, while McGonagle reported that she had "no

energy to perform [everyday] tasks," the ALJ found that "treatment records" and "objective clinical findings" suggested that McGonagle could "perform more than a wide range of adequate activities of daily living" despite her mental-health conditions. *Id.* at 16. The psychiatric evaluation from Dr. Hartman, *see* Admin. Record at 686–90, and her "function report," *id*. at 256–65, described how she could prepare foods for herself, dress, bathe, and groom herself, clean, go shopping, drive, look after her pet, see a friend, and spend time with her mother. Because the ALJ provided a specific rationale for questioning McGonagle's credibility, we decline to disturb that determination on appeal. *See Selian*, 708 F.3d at 420.

Finally, McGonagle urges us to consider – in the first instance – a favorable determination subsequently made by a different ALJ. We decline to do so, since a "claimant [who] is represented by counsel before the district court . . . must present the relevant legal arguments in that forum in order to preserve them for appellate review." *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009).

We have considered all of McGonagle's remaining arguments and find them without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7